## Lasley *v.* Sisloff *et al.*

Where the truth of the answer of the garnishee is contested, the answer cannot be read in evidence to the jury.

Where an issue is made up between the plaintiff in the execution, and the garnishee, it is not necessary to produce the original judgment in evidence.

IN ERROR from the circuit court of the county of Adams.

Philip Sisloff, on the 1st of October, 1840, made an affidavit that McFadden and Sisloff had judgment against W. L. Cullen for nine hundred and fifty dollars and costs, and that Cullen had no visible property; and made a suggestion that Matthew Lasley was indebted to Cullen. A summons in garnishment issued in common form, which was executed on Lasley, who answered, denying indebtedness, &c.

The plaintiffs made a suggestion that Lasley had not truly discovered the amount due from him to the defendant W. L. Cullen, and prayed a jury to inquire. A jury was empannelled, who found that Lasley was indebted to Cullen one thousand five hundred and fifty dollars.

There were two bills of exceptions. The first showed that Lasley offered to read his own answer as evidence to the jury, which was objected to, and ruled out.

The second bill of exceptions stated that the defendant requested the court to charge the jury that the plaintiffs must produce the record of the judgment on which the garnishment was founded, which charge the court refused to give.

Judgment, that the plaintiffs should recover the sum of nine hundred and fifty-two dollars, with interest, twelve dollars and fifty cents costs, and also costs of the trial, nineteen dollars and twelve cents, to be deducted out of the amount which M. Lasley was indebted to said Cullen. Lasley moved for a new trial, which was overruled; and no exception taken.

14*

Assignment of errors: 1. The affidavit sets forth two distinct claims, the first for nine hundred and fifty-two dollars, with interest, on which no judgment is alleged to have been obtained; the second for the sum of twelve dollars and fifty cents costs of suit on a judgment obtained in said circuit court. After the statement of indebtedness, the affidavit makes no allegation except that the defendant in execution has no visible property on which a levy can be made to satisfy said judgment.

2. The claim described in said affidavit is neither a judgment or a decree of any court of law or equity in this state.

3. The affidavit does not allege that any judgment or decree was ever obtained for the amount of the claim described in the same.

4. The court erred in ruling out the evidence of, or answer of, the garnishee, on the trial of the issue before the jury.

5. The court erred in charging the jury that it was not necessary for the plaintiffs in garnishment to produce the record of the judgment to enable them to recover.

6. The court erred in entering up judgment against the garnishee for the whole sum claimed in the affidavit.

Substance of affidavit: That W. L. Cullen, of said county, is justly indebted to McFadden and Sisloff in the sum of nine hundred and fifty-two dollars and interest thereon at the rate of eight per cent. per annum, and also twelve dollars and fifty cents costs of suit, on a judgment obtained in the circuit court, at the February special term, 1840, and that said defendant has in his possession no visible property upon which a levy can be made to satisfy said judgment.

FREEMAN, for plaintiff in error.

The statute How. and Hutch. p. 557, sec. 39, provides that on the suggestion of a plaintiff in execution that any person other than the defendant is indebted to the said defendant, upon the filing of an affidavit by said plaintiff that the defendant has no visible property on which a levy can be made to satisfy said judgment, a garnishment shall issue commanding said other person to appear and discover what, if any, he owed the said defendant.

The affidavit in this case sets forth two distinct claims; the one

Lasley *v.* Sisloff *et al.*

for nine hundred and fifty-two dollars, and interest thereon at eight per cent. per annum; the other twelve dollars and fifty cents cost of suit on a judgment.

On the first item, no judgment is alleged to have been obtained, and the plaintiff was not therefore entitled to the writ of garnishment provided for in the said 39th section. The second item of twelve dollars and fifty cents costs on a judgment is within the statute, and the judgment on the garnishment could not exceed this amount. How. & Hutch. p. 557, sec. 39. Under this section no oath of indebtedness is required, the judgment being evidence of that fact. The absence of visible property on which to levy the execution is the only fact required to be sworn to.

2. The garnishee answered, that he owed the defendant in execution nothing, and that he had no effects of his in his hands. The plaintiffs alleged that he had not made true discovery, and the court empannelled a jury to ascertain the true amount due from said garnishee to said defendant in execution; on the trial the court refused to let in the answer of the garnishee as evidence before the jury. Is not a garnishee a good witness on the trial of such an issue? and if so, is not his answer of record good evidence for the jury?

MONTGOMERY, for defendant.

The statute which authorizes the proceedings in this case provides, that on all judgments, &c., it shall be the duty of the clerk, on the suggestion of the plaintiff, &c., to issue a garnishment, &c. How. & Hutch. 557. The suggestion and affidavit will be found to contain every thing required by this statute, and more. It was not necessary to state in the affidavit that he had obtained a judgment, nor the amount. It was only necessary to swear that he did not believe the defendant had in his possession visible property upon which a levy could be made, sufficient to satisfy such judgment, which means the judgment referred to in the suggestion; but the affidavit states the judgment fully enough for proceedings of this kind.

But after the garnishee has appeared and answered, it is too late to object to the regularity of the proceedings; if he decided to contest that, he should have moved to quash the summons, &c.

Lasley *v.* Sisloff *et al.*

After the garnishee answered, the plaintiff made a suggestion on record that he had not fully discovered the amount due from him to the defendant in the judgment. The statute requires, under such circumstances, that a jury shall be empannelled to inquire what is the true amount due from such garnishee to the defendant. How. & Hut. 554.

On the trial of an inquiry as to the correctness of the garnishee's answer, it seems strange to contend that the garnishee's answer was evidence for him. It is believed there is no case in which a party's statements under oath or otherwise are evidence for him.

The plaintiffs on the trial of the issue were only bound to prove the amount of the garnishee's indebtedness to the defendant. It was of no importance whether the judgment against the principal debtor existed or not; he could have contested that on motion to quash; but having answered, and there being a jury to inquire what was the true amount due by him to the defendant, it was too late for him to contest the regularity of the previous proceedings.

Where the jury found against the garnishee, the court should grant judgment in the same manner as if the facts found by the jury had been confessed by the garnishee. How. & Hutch. 555.

*Per Curiam.*

The plaintiff in error was garnisheed as a debtor of William L. Cullen, against whom defendants in error had recovered judgment, they having made affidavit that Cullen had no property on which an execution could be levied. The plaintiff in error answered, denying any indebtedness; and the defendants alleged that he had not made a true discovery, whereupon an issue was made up, and the case submitted to a jury. On the trial, the plaintiff's counsel offered to read his answer as evidence, which was objected to, and the objection sustained.

The provision of the statute does not seem to contemplate that the answer shall be used in any way, when its truth is denied. The inquiry, then, is, what is the true amount due from the garnishee, or what effects has he in his hands? And this inquiry arises only on the allegation that the garnishee has not discovered the true amount. It then becomes a question between the judg-

Lasley *v.* Sisloff *et al.*

ment creditor and the garnishee, the one being bound to make good his allegation, and the other being at liberty to resist by such competent proof as he would be at liberty to use in other cases. But to exonerate himself he could not testify; and, for the same reason, his answer cannot be used. If the statute had not given the power to dispute its truth, then the rule applicable to answers on discovery sought, might also apply here; but the plaintiff has the privilege of showing it to be untrue, which he cannot do in ordinary cases of discovery. By virtue of the process of garnishment, the judgment creditor is entitled to receive what the garnishee owes. It has the effect to transfer the debt, and the garnishee cannot defeat the right of recovery by his own oath.

The plaintiff in error, by his counsel, requested the court to charge the jury that the judgment creditor could not recover against him, unless he produced in evidence the original judgment. Such evidence would have been foreign to the inquiry. The jury had but one fact to find, to wit: what amount did Lasley owe Cullen. If they found that he owed him any thing, then it was with the court to pronounce judgment; and it was only for the court to be satisfied that the creditor was entitled to a judgment for the amount found by the jury. The court was to render judgment just as though the garnishee had admitted an indebtedness by his answer. Whether the creditor was entitled to judgment on the facts admitted or found, was a question of law.

Judgment affirmed.